## Ritz *against* Bowers.

A purchaser of unseated land at a sale for taxes by the treasurer can be required to pay nothing beyond the amount of his bid; all costs and charges must be paid out of the purchase-money.

ERROR to the common pleas of *Mifflin* county.

Charles Ritz, Treasurer of Mifflin county, against Joseph Bowers. Case stated in the nature of a special verdict.

"A tract of unseated land in Wayne township, warranted and surveyed in the name of Charles Gobin, containing 400 acres, in said county, was duly assessed and taxed for the years 1835, 1836, and 1837, at 5 dollars 64 cents, which remaining unpaid, the plaintiff, the treasurer, caused the same to be duly advertised, cried, and sold according to law, for the said taxes, on the second Monday of June 1838, to Joseph Bowers, the defendant, for the sum of 5 dollars 75 cents. The legal costs of the sale, including the deed to the purchaser, amount to the sum of 3 dollars 87 cents.

"The purchaser, the defendant, paid to the treasurer on the day of the sale the full amount of his bid, to wit: 5 dollars 75 cents. If in this case the plaintiff is entitled to recover the taxes and costs, judgment to be entered for the plaintiff for 3 dollars 16 cents. If the plaintiff be not entitled to recover the whole costs of sale, but be entitled to recover the price of the acknowledgment of the deed, then judgment to be entered for the plaintiff for 1 dollar. If the plaintiff be not entitled to recover any thing beyond the amount of the defendant's bid, then judgment to be entered for the defendant."

The court below was of opinion that the defendant was bound to pay for the acknowledgment of the deed in addition to his bid, and, therefore, rendered a judgment against him for one dollar.

*J. Fisher*, for plaintiff in error, cited *Str. Purd.* 955, sect. 1; 7 *Serg. & Rawle* 386; 14 *Serg. & Rawle* 349.

*Hale*, for defendant in error.

PER CURIAM.—The intent of the legislature was to make the delinquent owner bear all the consequences of his neglect, and, therefore, to pay all the expenses incurred by reason of it. Why distinguish between the costs of the sale and the cost of the conveyance? Or why should the purchaser be held to pay a farthing beyond his bid? That the legislature intended he should not, is plain from the drift of the words: "It shall be the duty of the pur-

IX.—2 A

chaser, as soon as the property is struck down, to pay the amount of the purchase-money, *or* such part thereof as shall be necessary to pay off the taxes and costs, *as also* one dollar for the use of the prothonotary for entering the acknowledgement of the deed." The direction is not that he pay the purchase-money *and* a dollar in addition, but such part of it as may be immediately wanted for the taxes, costs of the sale, and expense of the conveyance. The specification of the latter as a particular sum, instead of leaving it to be included in the gross amount of the costs, was not to indicate an additional charge, but to fix the amount of the prothonotary's fee, which had not previously been mentioned. The meaning of the statute then is, that so much of the purchase-money be paid down as will cover the taxes and incidental expenses.

Judgment reversed.